```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,     :
                              :
          Plaintiff,          :
                              :          97  Civ. 1153 (JFK)
     -against-                :       MEMORANDUM OPINION & ORDER
                              :
RICHARD SAGE,                 :
                              :
          Defendant.          :
------------------------------X
```
**JOHN F. KEENAN, United States District Judge**:

On January 31, 2006, the Court granted the Government's motion for summary judgment against Defendant, Richard Sage ("Sage"), to reduce to judgment a trust fund penalty assessed against Sage for unpaid withholding tax obligations in the amount of $209,249.34.  See United States v. Sage, 412 F. Supp. 2d 406 (S.D.N.Y. 2006).  On August 25, 2006, the Government filed a motion to amend the judgment, pursuant to Rule 60(a), to include statutorily mandated prejudgment interest.

The Government claims it is entitled to prejudgment interest on the $209,249.34 judgment because, even though the Government's summary judgment motion papers made no specific request for interest, the Government did seek prejudgment interest in the Complaint filed against Sage.  According to the Government, the Court, by overlooking this demand, made the sort of clerical error remedied by Rule 60(a).

Rule 60(a), entitled "Clerical Errors," provides that, "Clerical mistakes in judgments, orders or other parts of the

record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party . . . ." Fed. R. Civ. P. 60(a).

A Court's failure to include prejudgment interest in a judgment is "clerical" within the meaning of Rule 60(a) if the judgment as entered fails to accurately reflect the intention of the court at the time the judgment was entered. Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994).  If the preceding condition is met, the use of Rule 60(a) to correct a judgment that omits statutorily mandated prejudgment interest is often appropriate because adding such interest usually does not affect substantive rights. See Dudley v. Penn-American Ins. Co., 313 F.3d 662, 665 (2d Cir. 2002).

On January 31, 2006, when the Court entered its judgment against Sage, the Court intended to include an award for prejudgment interest but failed to do so because of a clerical oversight.  When the Court granted summary judgment against Sage, the Court was aware of the Government's specific request for prejudgment interest in the Complaint.  Though the summary judgment motion papers do not specifically request prejudgment interest, the Court was reminded of the Government's request for such interest by a reference in the motion papers: "As reflected in the Certificate of Assessment Payments, the current balance owed by Sage, exclusive of interest, is $203,365.28." (Mem. L.

13.)  The Court was aware of the request for prejudgment interest and intended to include it in the judgment against Sage.

Because of the applicable law in this case, amending the judgment at this time to include prejudgment interest does not affect substantive rights.  According to the Internal Revenue Code, once a Court determines a person was "responsible" for and acted "wilfully" by failing to pay withholding taxes, see 26 U.S.C. § 6672, prejudgment interest is statutorily mandated from the period the payment was due until the day it is paid, see 26 U.S.C. § 6601.  In its summary judgment decision, the Court concluded that Sage was a responsible person who had acted wilfully and granted summary judgment against him. See Sage, 412 F. Supp. 2d 406.  Therefore, the Court's failure to award prejudgment interest was simply a formality the Court mistakenly omitted from the original decision.

Sage's assertion that Paddington, 34 F.3d 1132 and Frigitemp Corp. V. Lefrak, 781 F.2d 324, 328 (2d Cir. 1986) compel this Court to deny the Government's motion is incorrect.  The District Court in both cases did not state in its Rule 60(a) decision whether it had intended to award prejudgment interest at the time the original judgment was entered, leaving the Circuit to guess each District Court's intent. See Paddington, 34 F.3d at 1140; Frigitemp, 781 F.2d at 328 ("Even when it granted the . . . Rule 60(a) motion, the court did not state that it had intended to

3

make such an award . . . ."). In <u>Paddington</u>, for example, the Court guessed that the District Court had not intended to award prejudgment interest because the plaintiff had not requested prejudgment interest in either the complaint or its summary judgment submissions. 34 F.3d at 1140. Therefore, the Circuit reasoned that the District Court most likely was not aware of the plaintiff's desire for prejudgment interest at the time the original judgment was filed. <u>Id.</u>

By contrast, in a more recent case, <u>Dudley v. Penn-America Ins. Co.</u>, 313 F.3d 662 (2d Cir. 2004), the District Court clearly stated in its Rule 60(a) decision that it had intended to include prejudgment interest at the time the original judgment was entered. The Second Circuit, relying on the District Court's own expression of its intent as well as the plaintiff's previous request for prejudgment interest and the fact that such interest was statutorily mandated, distinguished the case from <u>Paddington</u> and affirmed the District Court's decision to include prejudgment interest in its amended judgment.

As in <u>Dudley</u>, there is no guessing to be done here. This Court intended to include prejudgment interest in the original judgment at the time it was entered. In addition, the plaintiff made previous requests for prejudgment interest and interest is statutorily mandated.

4

## Conclusion

The Government's motion is granted. The judgment entered pursuant to this Court's January 31, 2006 Opinion and Order shall be amended to include prejudgment interest in the amount of $821,307.80, accrued as of September 19, 2006, plus any interest accrued thereafter as provided by the Internal Revenue Code, Title 26 U.S.C. § 6621.[1]

SO ORDERED.

Dated:     New York, New York
           September 19, 2006

*John F. Keenan*
JOHN F. KEENAN
United States District Judge

---

[1] Sage made payments toward the civil penalty from July 1986 through April 1995. $203,685.28 represents the remaining assessed total. Therefore, interest was calculated on the remaining $203,685.28. (See Decl. Kim Randle, dated Aug. 23, 2006).

5